Rubye Lee PERRY, Appellant,

v.

Bobbie Lee PERRY, Appellee.

No. 5159.

Court of Civil Appeals of Texas,
Waco.

July 20, 1972.

Herbert Green, Jr., Dallas, for appellant.

Charles Shavers, Jr., Dallas, for appellee.

HALL, Justice.

This is a divorce action. A non-jury trial resulted in a judgment granting the plaintiff a divorce and awarding him "one twin bed, one 1967 Thunderbird automobile, and one Sona TV." Defendant, who also sought the divorce by cross-action, was awarded "one twin bed, one color TV, one portable bar, one refrigerator and lot and improvements located at 6832 Atha Drive (in Dallas)."

Defendant contends on appeal that, for sundry reasons set forth in her points of error, the refusal of the trial court to grant her attorney's motion to withdraw from the case, which was filed four days before the hearing on the merits, resulted in an improper judgment.

The record does not show that the motion to withdraw was presented to or acted upon by the trial court. Therefore, nothing is presented for review. Barnett v. Woodland, Tex.Civ.App., 1958, writ ref., n. r. e., 310 S.W.2d 644, 648.

Moreover, the case is before us without a complete statement of facts, although the record does contain a transcription of a conversation between counsel and the court which was had at the hearing on defendant's motion for new trial.

To obtain a reversal based upon an alleged error committed on the trial of the case, an appellant has the burden of showing the commission of the error and that, from an examination of the entire record, the error was reasonably calculated to cause and probably did cause the rendi-

tion of an improper judgment. Rule 434, Texas Rules of Civil Procedure; City of Austin v. Cannizzo, 153 Tex. 324, 267 S. W.2d 808, 813. Obviously, this burden cannot be met without the production on appeal of a complete statement of facts.

Defendant's points and contentions are overruled. The judgment is affirmed.